**UNITED STATES of America,**
**Appellee,**

v.

**John TOMERO, Defendant–Appellant.**

**No. 06–0387.**

United States Court of Appeals,
Second Circuit.

March 7, 2006.

Richard Ware Levitt (Edward V. Sapone, on the brief), New York, NY, for Appellant.

Miriam E. Rocah, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, on the brief; Karl Metzner, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Defendant–Appellant John Tomero appeals from a December 21, 2005 order authorizing defendant's pre-trial detention under the Bail Reform Act, 18 U.S.C. § 3142. We assume the parties' familiarity with the facts of this case and its relevant procedural history.

This Court reviews a district court order of detention for clear error. *United States v. LaFontaine,* 210 F.3d 125, 130 (2d Cir.2000). Defendant argues that the district court "committed clear error" because it failed to give due consideration to evidence he claims rebuts the presumption against pre-trial release in § 3142(e), including his U.S. citizenship, lack of criminal history, "solid" employment record, and "substantial bail package." We disagree. In assessing the defendant's danger to the community and risk of flight, the district court considered the relevant factors as required by § 3142(g) and found that the totality of the evidence militated against release. In particular, the court found that the presence of a firearm and large amounts of cocaine in the defendant's home, as well as the nature of the charged offenses, clearly and convincingly demonstrated the defendant's danger to the community despite the positive factors advanced by the defense. *See United States v. Dillard,* 214 F.3d 88, 93

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

(2d Cir.2000) (noting that "firearms are conventionally regarded as essential equipment of criminals engaged in violent crime"). Moreover, the district court found that, despite his ties to the community, defendant's potential for a fifteen-year sentence created a substantial risk of flight that remained a serious concern even when viewed in light of the defense proffer. We see no error in this decision, much less the clear error necessary for reversal. *See United States v. Mercedes,* 254 F.3d 433, 437–38 (2d Cir.2001) (holding that factors favoring release such as citizenship and strong ties to the community do not overcome presumption again pretrial release where defendant was charged with a violent crime and the evidence against him was strong).

Although defendant is correct that the bail statute, 18 U.S.C. § 3142(e), speaks of a reasonable assurance rather than a guarantee, on a review of the totality of the record, we are satisfied that the district court applied the proper standard and, as noted, we identify no clear error in the court's finding that the defendant poses a sufficient danger to the community to preclude a reasonable assurance of community safety.

For the reasons stated above, we AFFIRM the detention order of the district court.